**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30214 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00089-RFC-1 |
| v. | |
| ELMER BURPEE YARLOTT, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted June 8, 2011[**]
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Elmer Yarlott, Jr. appeals his jury conviction and sentence for aggravated

sexual abuse of a minor in violation of 18 U.S.C. §§ 1153(a) and 2241(c).

Because the facts are known to the parties, we repeat them only as necessary to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The evidence presented was sufficient for a rational trier of fact to "have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Yarlott contends that, because the witness testimony was partially conflicting, the evidence presented was insufficient to support his conviction. But the purported inconsistencies he cites were before the jury, and, "when a jury is informed of the possible challenges to a witness' credibility and nevertheless believes the witness, the reviewing court should not upset the jury's credibility determination." *United States v. Leung*, 35 F.3d 1402, 1405 (9th Cir. 1994). Based on the evidence and testimony before it, the jury could rationally have concluded that Yarlott sexually abused W.K. while Yarlott was living with her family in the spring of 2001. It was not unreasonable for the jury to find Yarlott guilty despite some inconsistency in testimony.

The district court did not err in imposing a sentence of 400 months' imprisonment followed by lifetime supervision. As a procedural matter, the district court properly calculated the correct Guidelines range, treated the Guidelines as advisory, noted that it was required to consider the 18 U.S.C. § 3553(a) factors, did not base the sentence on clearly erroneous facts, and

2

adequately explained the sentence it selected. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Yarlott argues on appeal that the district court did not adequately explain the sentence selected because it did not make specific findings regarding lifetime supervised release. There is no requirement that the district court orally analyze the sentencing factors as to each component of the sentence it imposes, and the district court's discussion of the overall sentence was procedurally proper. *See id.* at 992 ("What constitutes a sufficient explanation will necessarily vary depending upon the complexity of the particular case . . . . A within-Guidelines sentence ordinarily needs little explanation . . . .").

Yarlott's sentence was also substantively reasonable. Yarlott argues that, because his sentence involves supervised release, "it must be imposed according to the parsimony principle" that provides that a sentence be minimally sufficient to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, protect society from further crimes, and rehabilitate the defendant. *See* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing]."). But Yarlott's contention that a lesser sentence could satisfy the goals of sentencing does not show that the district court abused its discretion in imposing the sentence it chose. *Cf. Carty*, 520 F.3d at 993 ("We may not reverse just because we think a different

3

sentence is appropriate.").  The district court did not abuse its discretion in determining that a Guidelines range sentence of 400 months' imprisonment plus lifetime supervision was needed to serve the goals of sentencing.

**AFFIRMED.**